### NIXON v. MICHAELS et al.

Circuit Court of Appeals, Eighth Circuit.
April 22, 1929.

No. 8328.

Moses C. Nixon, Thomas J. Shaughnessy, and Richard A. Griffin, all of Chicago, Ill., for appellant.

William C. Michaels, of Kansas City, Mo. (Robert E. Coleberd, of Lee's Summit, Mo., and Kenneth E. Midgley, Denton Dunn, and Meservey, Michaels, Blackmar, Newkirk & Eager, all of Kansas City, Mo., on the brief), for appellees.

Before COTTERAL, Circuit Judge, and SCOTT, District Judge.

SCOTT, District Judge. This is an appeal from an order of the District Court of the United States for the Western District of Missouri sitting in bankruptcy, ordering the impoundment and the payment of the proceeds of a certain check for $750, to a special master in chancery and to a shorthand reporter in payment of fees and disbursements taxed in a certain cause theretofore pending in the said District Court in a cause wherein the appellant, Nixon, was plaintiff, and Admiral Hay Press Company defendant. The cause was tried upon an agreed statement of facts which appears in the record.

From the statement of facts it appears that on February 9, 1922, appellant, Nixon, filed a bill in said court against Admiral Hay Press Company, charging the defendant with patent infringement and praying an injunction and an accounting for profits. Trial of the cause resulted in a judgment in favor of plaintiff for $10,258.46. Execution was issued and returned nulla bona. An involuntary petition in bankruptcy having been filed against the judgment debtor on January 15, 1927, and on February 7, 1927, said Hay Press Company was adjudicated a bankrupt. A trustee was duly elected, and following the election of a trustee the appellant petitioned the bankruptcy court, setting up that his judgment was acquired more than four months before the filing of the petition in bankruptcy, and asking that the same be recognized as a lien upon all of the real estate of the bankrupt. On August 8, 1927, the trustee petitioned the referee for an order authorizing him to sell the real estate of the bankrupt free and clear of all lien claims, including appellant's judgment lien and excepting mortgage incumbrances and taxes. The petition also stated, having first referred to said judgment lien: "That said Moses C. Nixon is ready and willing to compromise and settle his said claim to the proceeds of the sale of said real estate on account of his claim to a

judgment lien of $11,000.00 and to release said real estate from the lien of his said judgment for the sum of $750.00 and that the trustee recommends that the claim of said Nixon to the proceeds of said sale should be compromised and settled for $750.00 in order to give a title unclouded by said lien." On the same day the referee entered an order approving the proposed sale free of such incumbrances and approving the compromise of appellant's claim to proceeds. And said compromise was approved at a creditors' meeting. The trustee thereupon drew his check to the appellant for $750, and delivered the same to appellant's counsel of record. While said check still remained in the hands of appellant's counsel, appellees William C. Michaels, the special master referred to, and James A. Spellman, the shorthand reporter referred to, filed their petition in the bankruptcy court alleging that they had costs taxed against the bankrupt in the cause referred to, in favor of said Michaels in the sum of $500, and in favor of said Spellman in the sum of $153, and alleging in substance that the plaintiff in said cause was liable for said costs and disbursements in case the defendant against whom the same were adjudged and taxed did not or could not pay them, and praying that said check for $750 be impounded and the proceeds thereof paid to them. The petition of the special master and the shorthand reporter was allowed by the bankruptcy court and said check ordered impounded and the proceeds paid as aforesaid. That order having been made in the District Court, the District Judge presiding, Nixon appeals.

We think the case is clearly determinable upon an interpretation of the petition and order of compromise. From the record it appears that Nixon had a valid judgment against the Hay Press Company; that more than four months thereafter the Hay Press Company was adjudicated a bankrupt; that Nixon's judgment was a valid lien upon the real estate of the bankrupt. That the trustee was desirous of selling the real estate free of various incumbrances, and concluded a settlement with the plaintiff, subject to the approval of the court, of "his said claim to the proceeds of the sale of said real estate," and this compromise was duly approved by the court. It will be noted that the compromise effected was not a compromise of plaintiff's judgment, but of the plaintiff's claim to the proceeds of certain real estate. Now, it is quite apparent that if this real estate had been sold under the plaintiff's judgment, plaintiff would have received no proceeds un-

til all costs on execution were first satisfied, and we think a proper interpretation of the terms of the settlement clearly indicates that the plaintiff was to receive $750, for his ultimate claim to the net proceeds of the real estate, and that the trustee took the real estate and proceeds subject to any other claims that might be prior to the plaintiff's right to receive proceeds. We think this was manifestly the intention of the parties, for it is not reasonable to suppose that Nixon intended or that the trustee supposed that Nixon intended to accept $750, and out of that to disburse nearly the whole sum in payment of costs which constitute part of the prior liens against the proceeds of the sale. We think the District Court erred in ordering the check and proceeds thereof impounded, and that the order and judgment of the District Court should be reversed. We think the special master and the shorthand reporter still have their original superior claims against the proceeds of the real estate in the hands of the trustee.

Reversed.